## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **ANTONIO TEZENO, JR.** | **CIVIL ACTION NO. 09-1030** |
| **LA. DOC #440353** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **SOUTH LOUISIANA CORRECTIONAL** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Antonio Tezeno, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 18, 2009. When he filed this complaint, plaintiff was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC)  and, he was incarcerated at the South Louisiana Corrections Center (SLCC), Basile, Louisiana.[1]  Plaintiff complained that he was required to sleep on a mat on the floor for a period of approximately three weeks in September-October, 2008  because the facility was overcrowded. Plaintiff sued SLCC,'s Warden, Drue Bergeron, and the Secretary of the LDOC. [Doc. 3, ¶3]  He prayed for damages in the amount of $300,000 for "pain and suffering and unusual punishment."  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] Plaintiff is apparently no longer in custody. On August 11, 2009 plaintiff advised the Clerk of Court that he is now living at what appears to be a residential address in Lake Charles, Louisiana.

2

## Background

During the late summer-early fall of 2008, plaintiff was an LDOC inmate incarcerated at SLCC - a facility that also house immigration detainees for the United States.  In anticipation of a hurricane, these immigration detainees were evacuated from the facility. Thereafter, on or about September 9, 2008, the detainees returned to SLCC.

Due to overcrowding occasioned by the return of the immigration detainees, plaintiff was removed from his assigned bed and forced to sleep on a mat on the floor of Wolf Dorm. After some period of time he was then moved to Gator Dorm where he was likewise forced to sleep on a mat on the floor.  Plaintiff was thus forced to sleep on a mat on the floor for a period of approximately 3 weeks or until some time during the first week of October.

According to plaintiff, sleeping on the floor caused him to experience unspecified "back problems." He was examined by a physician who "... made it seem like nothing was wrong." Nevertheless, plaintiff was given pain medication and back rubs. Plaintiff submitted a grievance to the LDOC on March 29, 2008, but his grievance was ignored.

Plaintiff filed this suit on June 18, 2009.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

3

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440

(5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

4

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has filed an original and an amended complaint setting forth his claim and the factual basis for his cause of action. He need not be permitted further amendment because his claims – taken as true for the purposes of this report –  are manifestly frivolous.

## 2. Conditions of Confinement

Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment.  While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while  the Eighth Amendment does not mandate comfortable prisons,   it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "<u>so serious as to deprive prisoners of the minimal measure of life's necessities,</u>" as when the prisoner is denied "some basic human need." *Woods*

5

*v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Second, under a subjective standard, it must be shown that the responsible prison officials acted with <u>deliberate indifference to the prisoner's conditions of confinement</u>. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff was required to sleep on a mattress on the floor of his dormitory for a period of approximately three weeks. That claim – taken as true for the purposes of this Report –  simply does not rise to the level of cruel and unusual punishment as defined by the jurisprudence.  At

6

worst, plaintiff was inconvenienced or made uncomfortable for a relatively short period of time.

He was not deprived of a basic human need and therefore he is  not entitled to relief.  *Spence v.*

*Morris*, 62 F.3d 392 (5th Cir 1995).[2]

### 3. Medical Care

Plaintiff also implies that he was denied appropriate medical care and treatment. Medical

care claims when asserted by convicted prisoners, like plaintiff, are also analyzed under the

Eighth Amendment's prohibition of cruel and unusual punishment. As with the prison conditions

claim, in order to prevail plaintiff must establish that the defendant prison officials knew of and

then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511

U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994);  *Estelle v. Gamble*, 429 U.S. 97,

97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  In other words, the plaintiff must show "deliberate

indifference" on the part of the defendants.  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115

L.Ed.2d 271 (1991).  "Deliberate indifference" in this context means that: (1) the prison officials

were aware of facts from which an inference of substantial risk of serious harm could be drawn;

(2) the officials actually drew that inference; and (3) the officials' response indicated that they

subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59.

Such deliberate indifference has been equated with "subjective recklessness as used in the

criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811

(1994);  *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).

---

[2] Plaintiff also implies that immigration detainees were given preferential treatment at his expense.
Detainees, however,  are accorded more rights under the due process clause of the Fourteenth Amendment with
respect to conditions of confinement claims, than are convicts who must rely upon the Eight Amendment's
prohibition of cruel and unusual punishment. *Cupit v. Jones*, 835 F.2d. 82, 84 (5th Cir. 1987), cited in *Spence v.*
*Morris*, 62 F.3d 392.

7

Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have</u> <u>perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly</u> <u>negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Finally, disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

Here, plaintiff acknowledged that he was examined by a physician when he complained of back pain. According to the plaintiff, the physician could find nothing wrong with plaintiff. Nevertheless, the physician provided pain medication and massage. Plaintiff's complaint, insofar as it argues a denial of medical care, amounts to nothing more than a disagreement with diagnosis and treatment. As such, his medical care claim is frivolous.

8

*4. Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 24, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)